AO 2451 (Rev. 12/07) Judgment in a Criminal Case for a Petty Offense
Sheet 1    Revised by WAED - 03/10

# UNITED STATES DISTRICT COURT
## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 27 2011

JAMES R LARSEN, CLERK
_____ DEPUTY
YAKIMA, WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>PETER P. ROBISON | **Judgment in a Criminal Case**<br>(For a Petty Offense)<br><br>Case No.   PO-11-4003-JPH<br>USM No.   N/A<br><br>Pro Se<br>_____<br>Defendant's Attorney |

**THE DEFENDANT:**

☑ **THE DEFENDANT** pleaded    ☑ guilty   ☐ nolo contendere to count(s)   1 of the Information.

☐ **THE DEFENDANT** was found guilty on count(s) _____

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 50 C.F.R. § 223.102(c)(22)<br>16 U.S.C. § 1538(a)(1)(G). | Knowingly and Unlawfully Taking a Wild Snake River Basin Steelhead With an Intact Adipose Fin, a Threatened Species. | 10/02/2009 | 1 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment.

☐ **THE DEFENDANT** was found not guilty on count(s) _____

☑ Count(s) _2_____    ☑ is    ☐ are    dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: 9803

Defendant's Year of Birth: 1959

City and State of Defendant's Residence:
Kennewick, WA

05/27/2011
_____
Date of Imposition of Judgment

_____
Signature of Judge

James P. Hutton    Magistrate Judge, U.S. District Court
_____
Name and Title of Judge

5/27/2011
_____
Date

AO 245I (Rev. 12/07) Judgment in a Criminal Case for a Petty Offense
Sheet 3 — Criminal Monetary Penalties

Judgment — Page **2** of **4**

DEFENDANT: PETER P. ROBISON
CASE NUMBER: PO-11-4003-JPH

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $10.00 | $1,000.00 | $0.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

**TOTALS**    $ _____0.00    $ _____0.00

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the   ☑ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245I   (Rev. 12/07) Judgment in a Criminal Case for a Petty Offense
　　　　　Sheet 4 — Schedule of Payments

DEFENDANT: PETER P. ROBISON　　　　　　　　　　　　　　　　　Judgment — Page __3__ of __4__
CASE NUMBER: PO-11-4003-JPH

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**　☐　Lump sum payment of $ _____ due immediately, balance due

　　　　☐　not later than _____ , or
　　　　☐　in accordance with　☐ C,　☐ D,　☐ E, or　☐ F below); or

**B**　☒　Payment to begin immediately (may be combined with　☐ C,　☐ D, or　☒ F below); or

**C**　☐　Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
　　　　_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**　☐　Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
　　　　_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to
　　　　a term of supervision; or

**E**　☐　Payment during the term of probation will commence within _____ (e.g., 30 or 60 days) after release from
　　　　imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**　☒　Special instructions regarding the payment of criminal monetary penalties:

　　　　$10 Special Assessment due immediately. $1,000 fine to paid in monthly installments of $50.00 beginning
　　　　immediately with the first payment due on May 27, 2011. The second payment shall be due on July 1, 2011 and
　　　　all subsequent payments shall be made on the first of every month until the total amount has been paid.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐　Joint and Several

　　Defendant and Co-Defendant Names, Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
　　and corresponding payee, if appropriate.

☐　The defendant shall pay the cost of prosecution.

☐　The defendant shall pay the following court cost(s):

☐　The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245I  (Rev. 12/07) Judgment in a Criminal Case for a Petty Offense
         Sheet 5 - Probation

|  |  |
|---|---|
| DEFENDANT: PETER P. ROBISON<br>CASE NUMBER: PO-11-4003-JPH | Judgment—Page 4 of 4 |

## PROBATION

The defendant is hereby sentenced to probation for a term of :  one year of Probation UNSUPERVISED.

## The Standard Conditions of Supervised Probation listed below are NOT APPLICABLE.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☒ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISED PROBATION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation,  unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an  informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.